UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE
PUBLICATION ONLY

-----------------------------------------------------------------X
ANTHONY NWOBI,

              Plaintiff,

   -against-

RAYMOND KELLY, individually, and in his
official capacity as Commissioner of New York
City Police Department; JOHN DOES 1-4,
individually, and as unknown employees of the
New York Police Department and Queens
County District Attorney's Office,

              Defendants.
-----------------------------------------------------------------X

MEMORANDUM
AND ORDER
06-CV-4848 (JG)

JOHN GLEESON, United States District Judge:

        Plaintiff Anthony Nwobi, a prisoner incarcerated at Green Haven Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants violated his civil rights when they failed to respond to his request for the release of ballistics evidence from his 1993 criminal trial.[1] Plaintiff seeks injunctive relief and monetary damages. For the reasons set forth below, I hereby dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

## BACKGROUND

        On December 13, 1993, plaintiff was convicted and sentenced in state court to concurrent indeterminate terms of 22 years to life imprisonment for murder in the second degree, 7-21 years imprisonment for attempted murder in the second degree, 10-20 years imprisonment for burglary in the second degree, and 7-14 years imprisonment for criminal possession of a

---

[1] By order dated August 15, 2006, the Honorable Michael B. Mukasey of the United States District Court for the Southern District of New York transferred the instant action to this Court.

weapon in the second degree. See People v. Nwobi, 233 A.D.2d 467 (2d Dep't 1996). On November 18, 1996, the Appellate Division, Second Department, modified plaintiff's sentence for his conviction of criminal possession of a weapon in the second degree to an indeterminate term of four-and-two-thirds to 14 years imprisonment and affirmed his conviction and sentence in all other respects. Id. Subsequently, plaintiff challenged his conviction by filing in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order dated November 27, 2001, I denied plaintiff's petition. See Nwobi v. Artuz, No. CV-98-5036 (JG), 2001 WL 1792446, slip op. at 10 (E.D.N.Y. Nov. 27, 2001).

On October 17, 2005, plaintiff filed the instant action in the United States District Court for the Southern District of New York, alleging that he was wrongfully denied post-trial access to potentially exculpatory evidence in his criminal case. Plaintiff alleges that the bullet recovered by the medical examiner from the shooting victim's head "is slightly deformed," Compl. ¶ 4, indicating that the victim was killed by a bullet that ricocheted from a wall rather than one that was fired directly at the victim. Id. ¶ 29. Plaintiff alleges that the "deformed" bullet would provide him "with a scientifically irrefutable basis for a second degree manslaughter conviction," as opposed to murder in the second degree. Id. Plaintiff wishes to subject the bullet to "scientific testing" to "show the microscopic imprints of the objects which caused the various irregularities on the bullet." Id. ¶ 32.

Plaintiff alleges that on September 5, 2005, he submitted a letter to defendant Kelly requesting "all ballistic evidence recovered during the Police investigation on my case, including without limitation, the deformed bullet recovered from the victim and/or crime scene." Compl. ¶ 38. According to plaintiff, "[d]efendants continue to refuse to disclose the evidence and upon information and belief, will continue to do so absent judicial intervention." Id. ¶ 40.

2

The court construed plaintiff's action as alleging malicious prosecution, false arrest and false imprisonment claims. As plaintiff's conviction had not been reversed or otherwise called into question, the court ruled that plaintiff's claims were barred by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).[2] Nwobi v. Kelly, et al., No. 06 Civ. 3784, slip op. at 1-3 (S.D.N.Y. May 17, 2006). The court further held that plaintiff's action was time-barred, as it was brought after the three-year statute of limitations period for initiating a § 1983 claim had lapsed. Id., slip op. at 3-4.

On July 11, 2006, plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). Plaintiff argued that he was not attempting to bring malicious prosecution, false arrest and false imprisonment claims, but that his complaint was solely concentrated on obtaining access to exculpatory evidence. Mot. at 1. Plaintiff cited Osborne v. Dist. Attorney's Office for the 3rd Judicial Dist., 423 F.3d 1050 (9th Cir. 2005), and Bradley v. Pryor, 305 F.3d 1287 (11th Cir. 2002), arguing that both cases stand for the proposition that Heck does not bar § 1983 actions seeking post-trial access to evidence. Mot. at 1-2. Plaintiff also argued that his claim began to accrue on September 5, 2005, when he sent the letter to Kelly, and therefore his action was within the three-year limitations period. Id. at 2. The Southern District (1) granted plaintiff's motion, (2) reopened his action, and (3) transferred the matter to this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to his claim occurred in Queens County, located in this district. Nwobi, No. 06 Civ. 3784, slip op. at 1-2 (S.D.N.Y. Aug. 15, 2006).

---

[2] "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87.

3

**DISCUSSION**

A.  Standard of Review

Under 28 U.S.C. § 1915A, I have the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. Because plaintiff is proceeding *pro se*, and because he alleges civil rights violations, I am obliged to construe his pleadings liberally. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, I must interpret plaintiff's pleadings as raising the strongest arguments they suggest. Id.

B.  Section 1983

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Thus, to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co. 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

C.  Post-Trial Access to Ballistics Evidence

Plaintiff fails to establish that defendants violated his constitutionally protected rights when they did not respond to his letter requesting access to ballistics evidence. Plaintiff's

complaint relies explicitly on Bradley and implicitly upon Osborne, the cases plaintiff employed in his Rule 60(b) motion for reconsideration, to argue that he has been deprived of his constitutional right to due process. By determining that Heck does not bar the § 1983 claims at issue, however, those cases do not by correlation support a claim that the failure to provide ballistics evidence amounts to a due process violation.

In Osborne, for example, the appellate court remanded the case to the district court for a ruling on whether the defendants violated plaintiff's constitutional rights, stating, "We express no opinion as to whether Osborne has been deprived of a federally protected right, and leave that question to the district court to address in the first instance." Osborne, 423 F.3d at 1056. On remand, the district court made it clear that its articulation of a constitutional right to test evidence was limited to the circumstances specific to that case -- namely, DNA testing of biological material. Osborne v. Dist. Attorney's Office for the 3rd Judicial Dist., No. 03-CV-0118 (RRB), 2006 WL 2456467, *2 (D. Alaska Aug. 3, 2006) ("[T]he Court concludes that there *does* exist, *under the unique and specific facts presented*, a very limited constitutional right to the testing sought.") (emphasis in original). The Bradley court also remanded the case to the district court for a decision on the constitutional question, which remains forthcoming. Bradley, 305 F.3d at 1292.

Accordingly, Osborne and Bradley do not stand for the proposition that an inmate has a constitutionally protected interest in inspecting ballistics evidence after his criminal trial. Plaintiff points to no other authority establishing that his due process rights were violated when defendants failed to respond to his request for ballistics evidence. Therefore, the instant complaint does not establish that defendants' alleged failure to respond to plaintiff's request for

ballistics evidence gives rise to a claim under 42 U.S.C. § 1983.[3]

**CONCLUSION**

Accordingly, I dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). I hereby certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

So Ordered.


John Gleeson, U.S.D.J.


Dated: October 5, 2006
      Brooklyn, New York

---

[3] The relief plaintiff seeks -- access to ballistics evidence -- is traditionally pursued in the context of a state action pursuant to Article 78, seeking records pursuant to the Freedom of Information Law ("FOIL"). See, e.g., Rattley v. New York City Police Dep't, 730 N.Y.S.2d 768 (2001) (inmate brought Article 78 proceeding to challenge constructive denial of FOIL request for ballistic lab reports); see also Huston v. Turkel, 236 A.D.2d 283 (1st Dep't 1997) (inmate denied Article 78 relief based on FOIL, as requested ballistics report was previously provided to his attorney).